JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STEPHEN WARREN | IBM CORPORATION |
| **(b)** County of Residence of First Listed Plaintiff Somerset<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant Westchester<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Katherine C. Oeltjen, Esquire<br>Console Mattiacci Law, LLC 110 Marter Avenue, Suite<br>502, Moorestown, NJ 08057 856-854-4000 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA") and N.J.S.A. 10:5-1, et seq. ("NJLAD").

Brief description of cause:
Plaintiff is bringing this action against his former employer for age discrimination.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____ DOCKET NUMBER _____

DATE
February 12, 2021

SIGNATURE OF ATTORNEY OF RECORD
*Katherine C. Oeltjen*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN WARREN<br>Basking Ridge, NJ 07920,<br><br>                         Plaintiff,<br>     v.<br><br>IBM CORPORATION,<br>One New Orchard Road<br>Armonk, NY 10504<br>                         Defendant. | CIVIL ACTION NO.:<br><br><br>**COMPLAINT AND JURY TRIAL<br>DEMAND** |

### I.      INTRODUCTION

Plaintiff, Stephen Warren ("Plaintiff"), was a successful, decades-long employee of Defendant, IBM Corporation ("Defendant"), when he was terminated without warning as part of a reduction in force. Plaintiff, age sixty (60), was terminated because of his age amid Defendant's practice of using reductions in force to eliminate older workers from its organization. Following his termination, and amid Defendant's instruction that he was eligible to apply to other openings, Plaintiff applied for at least sixteen (16) positions for which he was qualified, but he did not even receive an interview for a single position to which he applied. Plaintiff now brings claims pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"), and seeks all appropriate relief including back-pay, front-pay, compensatory, liquidated, and punitive damages and attorneys' fees and costs.

### II.     PARTIES

1.      Plaintiff, Stephen Warren, is an individual and a citizen of the State of New Jersey. He resides in Basking Ridge, New Jersey 07920.

2.      Plaintiff is sixty (60) years old.

3.      Defendant International Business Machines Corporation ("IBM") is a New York Corporation headquartered at One (1) New Orchard Road, Armonk, New York.

4.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the state of New Jersey.

5.      At all times material hereto, Plaintiff worked out of his home in Basking Ridge, New Jersey on Defendant's behalf.

6.      At all times material hereto, Defendant employed twenty (20) or more employees.

7.      At all times material hereto, Defendant acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of its business.

8.      At all times material hereto, Defendant was an employer within the meaning of the statutes which forms the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which forms the basis of this matter.

**III.   JURISDICTION AND VENUE**

10.     The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

11.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

12.     The District Court has jurisdiction over all Counts (I and II) pursuant to 28 U.S.C. §1332 since the amount in controversy exceeds the sum or value of seventy-five thousand dollars

($75,000), exclusive of interests and costs, and as there is complete diversity of citizenship as Plaintiff is a citizen of New Jersey and Defendant is a citizen of New York.

13.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

14.     On or about June 23, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein.  Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15.     On or about September 9, 2020, Plaintiff filed an Amended Charge of Discrimination with the EEOC, complaining of the acts of discrimination alleged here. Attached hereto and incorporated herein and marked as Exhibit "2" is a true and correct copy of the Amended EEOC Charge of Discrimination (with personal identifying information redacted).

16.     On or about November 18, 2020 the EEOC issued to Plaintiff a Dismissal and Notice of Rights for Plaintiff's EEOC Charge.  Attached hereto and marked as Exhibit "3" is a true and correct copy of that notice (with personal identifying information redacted).

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV.     **FACTUAL ALLEGATIONS**

18.     Plaintiff was hired by Defendant's predecessor in interest, in or about 1995.

19.     In or about January, 1999, Defendant purchased Plaintiff's employer and he became and employee of Defendant.

20.     Amid his strong performance, Plaintiff held a number of roles, reporting to a variety of individuals through his decades of employment with Defendant. By 2019, Plaintiff was Project

Manager/Sales Enablement Delivery Manager for Defendant's Technology Support Services ("TSS") business unit.

21.    Plaintiff consistently received positive performance reviews.

22.    In or about January, 2020, Plaintiff began reporting to Mindy Booknis ("Booknis") (age 45), Manager North America, TSS. Booknis in turn reported to Linda York ("York") (age 50), Vice President TSS.

23.    Plaintiff was one of the three (3) oldest employees reporting to Booknis.

24.    The Plaintiff was qualified/more qualified to perform a number of roles that also reported to Booknis, including Delivery Project Executive (3 positions), Project Manager (1 position), Advisory Project Manager (1 position), and Delivery Project Manager (1 position).

25.    During the last several years of Plaintiff's employment, he observed Defendant engage in multiple reductions in force. Plaintiff noted that Defendant typically retained younger employees, while eliminating older employees from Defendant's workforce.

26.    At the same time, Defendant's practices of terminating older workers in order to reduce the age of its workforce and retain younger workers were written about publicly in the news media and Plaintiff understood them to be widely known.

27.    Employees within Defendant's organization routinely commented about Defendant's rapidly aging workforce and efforts to retain younger employees at the expense of older workers.

28.    In or about January, 2020, Booknis transferred Joseph Alvertz ("Alvertz") (age 40) and Marcia Smith ("Smith") (age 45) to her team.

29.    Plaintiff was qualified to perform both Alvertz's and Smith's roles.

30.    Booknis instructed Plaintiff to train Smith to perform his job.

31.    With the addition of Alvertz and Smith, the following individuals reported to Bookniss: Plaintiff (60), Alvertz (40), Smith(40), Katia Ramos (50), Scott Severit (55), Ronald Larson (60), and Lisa Dexter (60).

32.    On or about May 21, 2020, during a phone call, Booknis terminated Plaintiff's employment, effective June 22, 2020.

33.    Prior to the call, Plaintiff had never been told that his job was in any jeopardy.

34.    The only reason provided for Plaintiff's termination was a workforce reduction.

35.    In an email, following the call, Booknis wrote, in part, "….IBM is now taking structural actions that are critical to our long-term competitiveness. This includes a workforce reduction which permanently affects your employment."

36.    Defendant did not offer any explanation, including the selection criteria, as to why Plaintiff was terminated while less qualified, substantially younger employees hired after Plaintiff were retained.

37.    Lisa Dexter was also terminated on June 22, 2020. As a result, Defendant terminated two of the three oldest employees reporting to Booknis.

38.    Defendant retained the two youngest employees reporting to Booknis.

39.    Defendant assigned Plaintiff's job duties to the substantially younger Smith.

40.    Plaintiff was more qualified and experienced and possessed a certification(s) and a more specialized skillset to perform his job duties than Smith possessed.

41.    Defendant did not provide Plaintiff with an OWBPA list in connection the release agreement given to him following the workforce reduction.

42.    Defendant's upper management made a decision to not provide information as to the ages of people being terminated from Defendant.

43.     Following his termination by Defendant, Plaintiff applied to at least sixteen (16) open positions with Defendant for which he was qualified, including:

    a.   Cloud Migration Technical Project Manager (Application on or about July 6, 2020);

    b.   Multivendor Services New Business Representative (Application on or about July 7, 2020);

    c.   Technical Project Manager (Application on or about July 8, 2020);

    d.   Client Representative Financial (Application on or about July 8, 2020);

    e.   Help Desk Support Specialist (Application on or about July 9, 2020);

    f.   AWS Modernization Technical Manager (Application on or about July 14, 2020);

    g.   Program Manager Cloud Security (Application on or about July 24, 2020);

    h.   Multivendor Services New Business Representative (Application on or about July 24, 2020);

    i.   Cloud Enterprise Operations Tactical Response Manager (Application on or about August 7, 2020);

    j.   Project Manager (Application on or about August 10, 2020);

    k.   Offering Manager Program position (Application on or about August 10, 2020);

l.   Technical Program Manger (Application on or about August 10, 2020);

m.   Contract Specialist-Software Systems (Application on or about August 12, 2020);

n.   Watson Interaction Manager (Application on or about August 12, 2020);

o.   Sales Manager Public and Federal Markets (Application on or about August 12, 2020); and,

p.   Cloud Technical Delivery Manager (Application on or about August 20, 2020).

44.   Plaintiff did not receive any of the above positions.

45.   Plaintiff was not asked to interview for any of the above positions.

46.   Plaintiff was asked to complete an assessment/test in connection with the position identified in Paragraph 42(k) above. Plaintiff completed the assessment.

47.   Defendant did not provide any explanation for failing to select Plaintiff for the positions identified in Paragraph 42.

48.   Defendant failed to provide a legitimate, non-discriminatory reason for the discriminatory conduct to which Plaintiff was subjected, including without limitation, in connection with Plaintiff's termination and Defendant's failure to hire him into positions for which he was qualified.

49.   Defendant's stated reason for his discriminatory termination is pre-textual.

50.   Plaintiff's age was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff including without limitation, in connection with

7

Plaintiff's termination and Defendant's failure to hire him into positions for which he was qualified.

51.     Defendant engaged in a pattern and practice of discriminating against older employees in connection with employment practices including, but not limited to, retention and termination.

52.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

53.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT I – ADEA

54.     Plaintiff incorporates herein by reference paragraphs 1 to 53 above, as if set forth herein in their entirety.

55.     By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the ADEA.

56.     Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

57.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

58.      Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT II – NJLAD

59.     Plaintiff incorporates herein by reference paragraphs 1 to 58 above, as if set forth herein in their entirety.

60.     Defendant, by the above-described discriminatory and retaliatory acts, has violated the NJLAD.

61.     Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein, and their conduct warrants the imposition of punitive damages against Defendant.

62.     As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

63.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory and unlawful acts unless and until this Court grants the relief requested herein.

64.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) declaring the acts and practices complained of herein to be a violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the NJLAD;

(c) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(d)     enjoining and restraining permanently the violations alleged herein;

9

(e)      awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory, retaliatory, and unlawful misconduct;

(f)      awarding liquidated damages;

(g)      awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(h)      awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(i)      awarding punitive damages to Plaintiff;

(j)      awarding Plaintiff such other damages as are appropriate under the ADEA and the NJLAD; and

(k)      granting such other and further relief as this Court deems appropriate.


                                        **CONSOLE MATTIACCI LAW, LLC**

Dated: February 12, 2021              BY:    _/s/ Katherine C. Oeltjen_
                                             Katherine C. Oeltjen (57372013)
                                             **CONSOLE MATTIACCI LAW LLC**
                                             110 Marter Avenue, Suite 502
                                             Moorestown, NJ 08057
                                             Telephone: (856) 854-4000
                                             Facsimile: (215) 565-2852

                                             _Attorneys for Plaintiff Stephen Warren_

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY<br>Q   FEPA<br>X   EEOC | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>**Stephen J. Warren** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>REDACTED |
|---|---|

| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>Basking Ridge, NJ 07920 | DATE OF BIRTH<br>REDACTED |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**IBM Corporation** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(914) 499-1900 |
|---|---|---|

| STREET ADDRESS<br>1 New Orchard Road | CITY, STATE AND ZIP<br>Armonk, NY 10504-1722 | COUNTY<br>Westchester |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>Q Retaliation   **X Age**   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*        *Latest*  06/22/2020 |
|---|---|

**The Particulars Are:**

A.    1.        Relevant Work History

I was hired by Respondent's predecessor in or about January 1999. I held the position of Delivery Project Manager. I reported to Mindy Booknis (45ᵃ), Manager, North America TSS Support as a Service. Booknis reported to Linda York (50), Vice President, TSS Services. I worked out of my home office in New Jersey.

Respondent terminated my employment because of my age. I was age sixty (60) with more than twenty-one (21) years of service at Respondent and Respondent's predecessor. When I was terminated, Respondent retained substantially younger employees in positions for which I was more qualified. Respondent terminated two (2) of the oldest employees reporting to Booknis and retained the two (2) youngest employees reporting to Booknis, both of whom were substantially younger than me, less qualified than me, and hired after I was hired.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly competent manner and received positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | |

| Date:  6/23/2020<br>Changing Party *(Signature)*:<br><br>*[signature]* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|

---

ᵃ All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party —SJCJ

2.    Harm Summary

I have been discriminated against because of my age (60).  Evidence of the discriminatory
conduct to which I have been subjected includes, but is not limited to, the following.

   (a)  In or about January 2020, I began reporting to Booknis.

   (b)  I was one (1) of the three (3) oldest employees reporting to Booknis.

   (c)  In addition to me, the following employees reported to Booknis at the time of my
        termination.  I was more qualified to perform these employees' positions.

        i.     Joseph Avlertz (40), Delivery Project Executive;

        ii.    Marcia Smith (45), Delivery Project Executive;

        iii.   Katia Ramos (50), Project Manager;

        iv.    Scott Severit (55), Delivery Project Executive;

        v.     Ronald Larson (60), Advisory Project Manager; and,

        vi.    Lisa Dexter (60), Delivery Project Manager.

   (d)  After Respondent conducted reductions in force, I routinely heard employees
        commenting that Respondent had an aging workforce and younger employees were
        being retained.

   (e)  In or about January 2020, Booknis transferred Alvertz (40) and Smith (45) to her
        team.

   (f)  I was instructed to train Smith (45) to do my job duties.

   (g)  On May 21, 2020, on a WebEx call with Booknis, Respondent terminated my
        employment, effective June 22, 2020.  The stated reason was Respondent's
        workforce reduction.  I was told that I could relocate to Missouri, to an unspecific job,
        to continue my employment with Respondent.

   (h)  On May 21, 2020, in an email from Booknis, she stated the following: "In our highly
        competitive marketplace, IBM must maintain the flexibility and the skill base to meet
        the demands of clients operating under extremely challenging business conditions.
        While we always consider the current environment, IBM is now taking structural
        actions that are critical to our long-term competitiveness.  This includes a workforce
        reduction which permanently affects your employment."  I understood Respondent's
        statements to be evidence of age discrimination.

   (i)  On June 22, 2020, Respondent terminated my employment.

   (j)  Respondent terminated my employment because of my age.

   (k)  Respondent offered no explanation, including the selection criteria, as to why I was
        terminated and the less qualified, substantially younger employees who were hired
        after me were being retained.

   (l)  Before May 21, 2020, I had no indication that my job was in jeopardy.

   (m) I received positive performance ratings throughout my employment.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party – $\mathcal{SJW}$

(n) I had no performance or disciplinary issues throughout my employment.

(o) In addition to me, Dexter (60) was terminated effective June 22, 2020.

(p) Respondent assigned my job duties to Smith (45). I was more qualified and experienced, with a certification and more specialized skillset, to perform my job duties than the substantially younger employee to whom Respondent assigned my job duties.

(q) Respondent retained the two (2) youngest employees reporting to Booknis when I was terminated.

(r) Respondent terminated two (2) of the three (3) oldest employees reporting to Booknis when I was terminated.

(s) Respondent failed to provide me with an OWBPA list in connection with Respondent's workforce reduction, and is attempting to hide its age bias.

(t) Respondent's age discrimination has caused me emotional distress.

(u) Respondent has a pattern and practice of discriminating against older employees and favoring younger employees.


B.     1.     Respondent's Stated Reasons

       (a)     Respondent's stated reason for terminating my employment, Respondent's workforce reduction, is pretext for age discrimination.


C.     1.     Statutes and Bases for Allegations

       I believe that Respondent has discriminated against me based on my age (60), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD") as set forth herein.


D.     1.     **Class Charge**

       **I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondents who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, development, compensation, or termination decisions, and/or have been subjected to a hostile work environment.**

# EXHIBIT B

| AMENDED CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Ϙ FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Stephen J. Warren** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>REDACTED |
|---|---|
| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>Basking Ridge, NJ 07920 | DATE OF BIRTH<br>REDACTED |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**IBM Corporation** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(914) 499-1900 |
|---|---|---|
| STREET ADDRESS<br>1 New Orchard Road | CITY, STATE AND ZIP<br>Armonk, NY 10504-1722 | COUNTY<br>Westchester |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Ϙ Race   Ϙ Color   Ϙ Sex   Ϙ Religion   Ϙ National Origin<br>Ϙ Retaliation   **X** Age   Ϙ Disability   Ϙ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest* 09/04/2020 |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondent's predecessor in or about January 1999. I held the position of Delivery Project Manager. I reported to Mindy Booknis (45ᵃ), Manager, North America TSS Support as a Service. Booknis reported to Linda York (50), Vice President, TSS Services. I worked out of my home office in New Jersey.

Respondent terminated my employment because of my age. I was age sixty (60) with more than twenty-one (21) years of service at Respondent and Respondent's predecessor. When I was terminated, Respondent retained substantially younger employees in positions for which I was more qualified. Respondent terminated two (2) of the oldest employees reporting to Booknis and retained the two (2) youngest employees reporting to Booknis, both of whom were substantially younger than me, less qualified than me, and hired after I was hired.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly competent manner and received positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date:<br>**9/9/2020**          Charging Party (*Signature*): | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

ᵃ All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 6
Initials of Charging Party – SJW

2.     Harm Summary

I have been discriminated against because of my age (60).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

(a)  In or about January 2020, I began reporting to Booknis.

(b)  I was one (1) of the three (3) oldest employees reporting to Booknis.

(c)  In addition to me, the following employees reported to Booknis at the time of my termination.  I was more qualified to perform these employees' positions.

   i.     Joseph Avlertz (40), Delivery Project Executive;

   ii.    Marcia Smith (45), Delivery Project Executive;

   iii.   Katia Ramos (50), Project Manager;

   iv.   Scott Severit (55), Delivery Project Executive;

   v.    Ronald Larson (60), Advisory Project Manager; and,

   vi.   Lisa Dexter (60), Delivery Project Manager.

(d)  After Respondent conducted reductions in force, I routinely heard employees commenting that Respondent had an aging workforce and younger employees were being retained.

(e)  In or about January 2020, Booknis transferred Alvertz (40) and Smith (45) to her team.

(f)  I was instructed to train Smith (45) to do my job duties.

(g)  On May 21, 2020, on a WebEx call with Booknis, Respondent terminated my employment, effective June 22, 2020.  The stated reason was Respondent's workforce reduction.  I was told that I could relocate to Missouri, to an unspecific job, to continue my employment with Respondent.

(h)  On May 21, 2020, in an email from Booknis, she stated the following: "In our highly competitive marketplace, IBM must maintain the flexibility and the skill base to meet the demands of clients operating under extremely challenging business conditions. While we always consider the current environment, IBM is now taking structural actions that are critical to our long-term competitiveness.  This includes a workforce reduction which permanently affects your employment."  I understood Respondent's statements to be evidence of age discrimination.

(i)  On June 22, 2020, Respondent terminated my employment.

(j)  Respondent terminated my employment because of my age.

(k)  Respondent offered no explanation, including the selection criteria, as to why I was terminated and the less qualified, substantially younger employees who were hired after me were being retained.

(l)  Before May 21, 2020, I had no indication that my job was in jeopardy.

(m)  I received positive performance ratings throughout my employment.

EEOC Charge of Discrimination
Page 3 of 6
Initials of Charging Party – SJC

(n)  I had no performance or disciplinary issues throughout my employment.

(o)  In addition to me, Dexter (60) was terminated effective June 22, 2020.

(p)  Respondent assigned my job duties to Smith (45).  I was more qualified and experienced, with a certification and more specialized skillset, to perform my job duties than the substantially younger employee to whom Respondent assigned my job duties.

(q)  Respondent retained the two (2) youngest employees reporting to Booknis when I was terminated.

(r)  Respondent terminated two (2) of the three (3) oldest employees reporting to Booknis when I was terminated.

(s)  Respondent failed to provide me with an OWBPA list in connection with Respondent's workforce reduction, and is attempting to hide its age bias.

(t)  Respondent's age discrimination has caused me emotional distress.

(u)  Respondent has a pattern and practice of discriminating against older employees and favoring younger employees.

(v)  On July 6, 2020, I applied for the Cloud Migration Technical Project Manager position.  I was qualified for the position.

(w)  On July 7, 2020, I applied for the Multivendor Services New Business Representative position.  I was qualified for the position.

(x)  On July 8, 2020, I applied for the Technical Project Manager position.  I was qualified for the position.

(y)  On July 8, 2020, I applied for the Client Representative Public position.  I was qualified for the position.

(z)  On July 8, 2020, I applied for the Industry Client Representative Financial position.  I was qualified for the position.

(aa) On July 9, 2020, I applied for the Help Desk Support Specialist position.  I was qualified for the position.

(bb) On July 9, 2020, I learned that Respondent failed to select me or interview me for the Technical Project Manager position.

(cc)  Respondent failed to select me or interview me for the Technical Project Manager position because of my age.

(dd) On July 10, 2020, I learned that Respondent failed to select me or interview me for the Cloud Migration Technical Project Manager position.

(ee) Respondent failed to select me or interview me for the Cloud Migration Technical Project Manager position because of my age.

(ff)  On July 10, 2020, I learned that Respondent failed to select me or interview me for the Multivendor Services New Business Representative position.

EEOC Charge of Discrimination
Page 4 of 6
Initials of Charging Party – SJW

(gg) Respondent failed to select me or interview me for the Multivendor Services New Business Representative position because of my age.

(hh) On July 12, 2020, I learned that Respondent failed to select me or interview me for the Client Representative Public position.

(ii) Respondent failed to select me or interview me for the Client Representative Public position because of my age.

(jj) On July 12, 2020, I learned that Respondent failed to select me or interview me for the Industry Client Representative Financial position.

(kk) Respondent failed to select me or interview me for the Industry Client Representative Financial position because of my age.

(ll) On July 14, 2020, I applied for the AWS Modernization Technical Project Manager position.  I was qualified for the position.

(mm)    On July 24, 2020, I applied for the Program Manager Cloud Security position.  I was qualified for the position.

(nn) On July 24, 2020, I applied for the Multivendor Services New Business Representative position.  I was qualified for the position.

(oo) On July 24, 2020, I learned that Respondent failed to select me or interview me for the AWS Modernization Technical Project Manager position.

(pp) Respondent failed to select me or interview me for the AWS Modernization Technical Project Manager position because of my age.

(qq) On July 27, 2020, I learned that Respondent failed to select me or interview me for the Multivendor Services New Business Representative position.

(rr) Respondent failed to select me or interview me for the Multivendor Services New Business Representative position because of my age.

(ss) On August 7, 2020, I applied for the Cloud Enterprise Operations Tactical Response Manager position.  I was qualified for the position.

(tt) On August 10, 2020, I applied for the Project Manager position.  I was qualified for the position.

(uu) On August 10, 2020, I applied for the Offering Manager Program position.  I was qualified for the position.

(vv) On August 12, 2020, I applied for the Technical Product Manager position.  I was qualified for the position.

(ww)    On August 12, 2020, I applied for the Contract Specialist – Software Systems position.  I was qualified for the position.

(xx) On August 12, 2020, I applied for the Watson Interaction Manager position.  I was qualified for the position.

(yy) On August 12, 2020, I applied for the Sales Manager Public and Federal Markets position.  I was qualified for the position.

EEOC Charge of Discrimination
Page 5 of 6
Initials of Charging Party – SJW

(zz) On August 12, 2020, I learned that Respondent failed to select me or interview me for the Sales Manager Public and Federal Markets position.

(aaa)    Respondent failed to select me or interview me for the Sales Manager Public and Federal Markets position because of my age.

(bbb)    On August 13, 2020, I learned that Respondent failed to select me or interview me for the Cloud Enterprise Operations Tactical Response Manager position.

(ccc)    Respondent failed to select me or interview me for the Cloud Enterprise Operations Tactical Response Manager position because of my age.

(ddd)    On August 20, 2020, I learned that Respondent failed to select me or interview me for the Contract Specialist – Software Systems position.

(eee)    Respondent failed to select me or interview me for the Contract Specialist – Software Systems position because of my age.

(fff) On August 20, 2020, I applied for the Cloud Technical Delivery Manager position.  I was qualified for the position.

(ggg)    On August 21, 2020, I learned that Respondent failed to select me or interview me for the Project Manager position.

(hhh)    Respondent failed to select me or interview me for the Project Manager position because of my age.

(iii) On August 22, 2020, I learned that Respondent failed to select me or interview me for the Program Manager Cloud Security position.

(jjj) Respondent failed to select me or interview me for the Program Manager Cloud Security position because of my age.

(kkk)    On August 24, 2020, I learned that Respondent failed to select me or interview me for the Technical Product Manager position.

(lll) Respondent failed to select me or interview me for the Technical Product Manager position because of my age.

(mmm) On August 27, 2020, I was instructed to complete an assessment test in connection with my application for the Offering Manager Program position.  I completed the assessment test in connection with my application for the Offering Manager Program position.

(nnn)    On August 28, 2020, I learned that Respondent failed to select me or interview me for the Help Desk Support Specialist position.

(ooo)    Respondent failed to select me or interview me for the Help Desk Support Specialist position because of my age.

(ppp)    On September 1, 2020, I learned that Respondent failed to select me or interview me for the Cloud Technical Delivery Manager position.

(qqq)    Respondent failed to select me or interview me for the Cloud Technical Delivery Manager position because of my age.

EEOC Charge of Discrimination
Page 6 of 6
Initials of Charging Party – SJW

(rrr) On September 4, 2020, I learned that Respondent failed to select me or interview me for the Watson Interaction Manager position.

(sss)   Respondent failed to select me or interview me for the Watson Interaction Manager position because of my age.

B.   1.   Respondent's Stated Reasons

(a)   Respondent's stated reason for terminating my employment, Respondent's workforce reduction, is pretext for age discrimination.

(b)   Respondent failed provide any explanation for failing to select me for any of the posted positions for which I was qualified and had applied.

C.   1.   Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (60), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq*. ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq*. ("NJLAD") as set forth herein.

D.   1.   **Class Charge**

**I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondents who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, development, compensation, position selection, or termination decisions, and/or have been subjected to a hostile work environment.**

# EXHIBIT C

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Stephen J. Warren**
REDACTED
**Basking Ridge, NJ 07920**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-04518** | **Legal Unit,** **Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R Williamson*                      November 18, 2020

Enclosures(s)

**Jamie R. Williamson,**
**District Director**                      *(Date Mailed)*

cc:
**Bonnie Pierson-Murphy, Esq.**
**Vice President and Assistant General Counsel**
**IBM CORPORATION HEADQUARTERS**
**1 New Orchard Road**
**Baldwin Place, NY 10505**

**Emily Derstine Friesen, Esq.**
**CONSOLE MATTIACCI LAW, LLC**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**